Filed 9/1/15  P. v. Langford CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B262146 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA063332) |
| v. | |
| KENDAL STEVEN LANGFORD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

After waiving his right to a preliminary hearing, Kendal Steven Langford pleaded no contest on July 3, 2014 to counterfeiting a seal (Pen. Code, § 472) and driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and admitted having suffered two prior convictions within the meaning of Vehicle Code sections 23540 and 23546 as charged in a felony complaint. Pursuant to a negotiated agreement, imposition of sentence was suspended; and Langford was placed on five years of probation on condition he serve 365 days in county jail.

On January 7, 2015 Langford filed a petition seeking to reduce his felony conviction for counterfeiting a seal to a misdemeanor under Proposition 47, the Safe Neighborhood and Schools Act (Pen. Code, § 1170.18). The trial court denied the petition, finding Langford was not eligible for resentencing under Proposition 47. Langford filed a timely notice of appeal.

We appointed counsel to represent Langford on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On May 20, 2015 we advised Langford he had 30 days within which to submit any contentions or issues he wished us to consider. We have received no response.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1089, 1091.) To this end, "Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)" (*Ibid*.) Langford's conviction for counterfeiting a seal (Pen. Code, § 472) is not within the scope of Proposition 47.

We have examined the entire record and are satisfied Langford's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d

756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.


PERLUSS, P. J.


We concur:


ZELON, J.


SEGAL, J.